**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIMOTHY HANS FORD, ) <br> ) <br> Defendant. ) <br> ) | Case No. 03-20123-06-CM |

## MEMORANDUM AND ORDER

This case is before the court on the Motion for Sentence Reduction filed by Timothy Hans Ford (Doc. 584). Mr. Ford seeks to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines, which took effect on November 1, 2015, and lowers the base offense levels in the Drug Quantity Table. The amendment applies retroactively to offenders currently in prison.

In 2004, Mr. Ford pleaded guilty to possession with intent to distribute crack cocaine within 1,000 feet of an elementary school. As the case approached sentencing, Mr. Ford filed a motion to withdraw his plea and objected to the presentence investigation report, disputing the quantity of drugs for which he should be held responsible. Before the sentencing hearing, however, the parties notified the court that they had reached a sentencing agreement that resolved their differences. Specifically, they agreed to recommend that the court sentence Mr. Ford within the range of 168–210 months, despite the presentence investigation report calculating a guideline range of 262–327 months.

At the sentencing hearing, the court denied Mr. Ford's objection regarding drug quantity, finding it moot. The court held that Mr. Ford had a total offense level of 34 and a criminal history category of VI, which equated to a guideline sentencing range of 262–327 months. Then, the court applied a variance to the advisory guideline range. The Statement of Reasons provides:

-1-

In the interest of justice and to settle ongoing disputes, the government and the defendant agreed to a sentence within an advisory guideline range of 168 to 210 months which they consider reasonable based on the drug amounts presented in the plea agreement. The court found this guideline range as agreed upon by the parties was a reasonable sentencing range to meet the purposes identified by 18 U.S.C. 3553(a).

The court sentenced Mr. Ford to 188 months—in the middle of the parties' recommended range.

Mr. Ford now asks the court to reduce his sentence under the authority granted by 18 U.S.C. § 3582(c)(2). This statute provides provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Mr. Ford claims that he was sentenced "based on a sentencing range that has subsequently been lowered," (168–210 months) and that he is therefore eligible for a sentence reduction. He asks the court to use the total offense level that would have corresponded with 168–210 months and reduce it by two levels to arrive at a new sentencing range of 135–168 months. If, however, the court instead reduces Mr. Ford's total offense level (before the variance) by two levels, then Mr. Ford's new level would be 32, with a guideline sentencing range of 210–262 months—which is higher than Mr. Ford's existing sentence. The court may not reduce Mr. Ford's existing sentence if the new calculation would be higher than the original calculation. *See United States v. McAlpine*, 613 F. App'x 766, 767 (10th Cir. 2015) (noting that the court may not reduce a sentence if the original sentence is below the new guideline range).

The flaw with Mr. Ford's argument is that the phrase "based on a sentencing range" refers to the range identified before any departures or variances. *See United States v. Johnson*, 507 F. App'x 822, 823–24 (10th Cir. 2013) ("United States Sentencing Guideline § 1B1.10, the Commission's policy statement on § 3582(c)(2) reductions, provides, in part, that with the exception of cases of

-2-

substantial assistance, the district court may not reduce a sentence under § 3582(c)(2) 'to a term that is less than the minimum of the amended guideline range.' U.S.S.G. § 1B1.10(b)(2)(A). And the policy statement's commentary defines the amended guideline range, in turn, as 'the guideline range that corresponds to the [amended] offense level and criminal history category determined . . . before consideration of any departure . . . or any variance.'" U.S.S.G. § 1B1.10 cmt. 1(A) (Nov. 1, 2011)."); *United States v. Valdez*, 492 F. App'x 895, 899 (10th Cir. 2012) (noting that the applicable guideline range is the one corresponding to the offense level and criminal history category determined before considering a variance); *United States v. Corber*, 596 F.3d 763, 768 (10th Cir. 2010) ("In short, for purposes of a sentence modification under § 3582(c)(2), the 'applicable guideline range' and the range upon which a sentence is 'based' is, as a matter of law, the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category but prior to any discretionary variances.").

Mr. Ford argues that *Freeman v. United States*, 131 S. Ct. 2685 (2011), requires the court to reduce Mr. Ford's sentence. The court disagrees. *Freeman* is distinguishable from this case in a number of ways. Most significantly, in *Freeman*, the parties agreed to a sentencing range in an 11(c)(1)(C) agreement. 131 S. Ct. at 2691. The court accepted that agreement and sentenced the defendant within the guideline range specified in the agreement without using a variance to do so. *Id.*

Here, the parties entered the sentencing agreement only after the presentence investigation report was drafted. Although the court ultimately sentenced Mr. Ford within the imprisonment range recommended by the parties, the court did so after adopting the presentence report and overruling Mr. Ford's objection to the report. Whether the court overruled the objection as moot or on its merits is immaterial here. Procedurally, the court reached a base offense level and guideline range, and then

varied from that range. The court expressly found that Mr. Ford had a total offense level of 34 and a criminal history category of VI.

Even if the timing of the court's consideration of the agreement did not differentiate this case from *Freeman*, there are additional differences. In this case, the agreement did not expressly state that the sentence should be determined according to the Sentencing Guidelines. It also did not specify the Guidelines calculations to which the parties agreed—only a range of months.

The method the court used to arrive at Mr. Ford's original sentence dictates that he may not receive further relief. Mr. Ford's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. White*, 765 F.3d 1240, 1246 (10th Cir. 2014). Because Mr. Ford is not eligible for a § 3582(c)(2) reduction, the court dismisses his motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Mr. Ford's Motion for Sentence Reduction (Doc. 584) is dismissed for lack of jurisdiction.

Dated this 1st day of February, 2016, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**